BYRON JAMES FORE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 39097

May 6, 2002

45 P.3d 404

*Steven G. McGuire,* State Public Defender, and *James P. Logan,* Chief Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, and *Kevin R. Briggs,* Deputy Attorney General, Carson City; *Richard W. Sears,* District Attorney, White Pine County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one felony count of possession and/or control of a dangerous weapon or facsimile by a prisoner, a violation of NRS 212.185. The district court sentenced appellant Byron James Fore

to serve a prison term of 12-30 months, and ordered the sentence to run consecutively to all prior terms of incarceration.

Citing to *Witter v. State*[1] for support, Fore contends that being a prisoner in possession or control of a shank (an inmate-made weapon) is not punishable under Nevada law.[2] In *Witter,* this court stated:

> While a prisoner may have a Sixth Amendment right to counsel at a disciplinary hearing when the charge involves conduct that is punishable under state law, Witter's possession of the shank is not a punishable offense under the laws of Nevada.[3]

Fore argues that based on the above language, his conviction should be reversed. The statement in *Witter* to which Fore refers was made in error. Certainly, under NRS 212.185, possession of a shank by a prisoner is indeed punishable under Nevada law.[4] Therefore, we conclude that Fore's reliance on *Witter* is misplaced and that his contention is without merit.

Fore was charged by way of an amended criminal information of violating NRS 212.185(1)(c) or (g), which states in part:

> 1. A person who is incarcerated in the state prison . . . and who possesses or has in his custody or control any:
>
> . . .
>
> (c) Dirk, dagger, switchblade knife or sharp instrument; . . . or
> (g) Other similar weapon, instrument or device,
> is guilty of a category B felony.

According to the charges in the information to which Fore ultimately pleaded guilty, he knowingly was in possession and/or control of a piece of sharpened wire approximately six inches in length. We conclude that based on the plain language of the statute, Fore's possession of this implement is punishable under Nevada law, and further that it is unreasonable to assume that possession of such a weapon is not a punishable offense under the laws of Nevada.

---

[1]112 Nev. 908, 921 P.2d 886 (1996), *receded from on other grounds by Byford v. State,* 116 Nev. 215, 994 P.2d 700 (2000).

[2]This issue was specifically identified and preserved for appellate review in the written guilty plea agreement. *See* NRS 174.035(3).

[3]112 Nev. at 920-21, 921 P.2d at 895 (citations omitted).

[4]We note that under the facts of *Witter,* the quoted statement is not central to the ultimate holding of the case and is not pertinent authority for the proposition that possession of a shank by a prisoner is not a punishable offense in this state.

## CONCLUSION

Having considered Fore's contention and concluded that it is without merit, we affirm the judgment of conviction.